FILED
00 MAY 30 PM 3:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 30 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| ALTMAN MACHINERY CO., INC., et al., | } } } | |
| Plaintiffs, | } } | CIVIL ACTION NO. |
| v. | } } | 00-AR-0457-M |
| SUNSTAR INDUSTRIES, INC., | } } | |
| Defendant. | } | |

**MEMORANDUM OPINION**

Defendant, Sunstar Industries, Inc. ("Sunstar"), has filed a motion to dismiss the action of Altman Machinery Co., Inc. ("Altman"), in which Altman claims breach of contract and seeks a declaratory judgment. The pleadings are strange in at least two material respects. The first bizarre feature is that the original complaint begins, "Altman Machinery Co., Inc., *et al.*" (emphasis supplied). This would indicate that there is more than one plaintiff. The question arises: Did Altman try to recruit another plaintiff and failed in its effort? The second, perhaps more revealing feature, is the procedural shocker, namely, the fact that the original complaint begins by describing Altman as "the defendant and third-party plaintiff." This description would not even make sense if Altman had filed its present complaint in the state court as a cross-claim. If Altman had done that, it would have been the "defendant and cross-claimant" and not "the defendant

1

and third-party plaintiff." The complaint clearly shows that Altman and Sunstar are both defendants in *Joseph David Nelson v. CNB International, Inc., et al.*, case number 99-151-WWC, still pending in the Circuit Court of Etowah County, Alabama. A defendant cannot file a "third party complaint" against its co-defendant whether under the Federal Rules of Civil Procedure or the Alabama Rules of Civil Procedure.

This court respectfully defers consideration of Sunstar's contention that this court should abstain in favor of the state court proceeding and should force Altman to file a cross-claim in the state court action, although this court's discretion is broad enough to allow it either to proceed with Altman's case for declaratory judgment or to dismiss its case without prejudice in deference to the state court. This court would do neither without offering an opportunity to Joseph David Nelson ("Nelson"), to be heard. He has a definite interest in the question presented and, therefore, is a necessary party. See Rule 19(a)(2), F.R.Civ.P. The following possible scenario illustrates Nelson's interest. If Nelson should win his state court case against Altman but not against Sunstar, and if Altman should not be able to pay the judgment without help from Sunstar, Nelson would be very seriously interested in Altman's claim of indemnity against Sunstar. Although this point has not been raised by Sunstar, a fact as strange as the facts discussed above, this court cannot ignore the

2

requisites of due process, even if the present parties do not insist upon them.

An appropriate separate order will be entered.

DONE this __30th__ day of May, 2000.

                                                WILLIAM M. ACKER, JR.
                                              UNITED STATES DISTRICT JUDGE